FILED: 1/17/2020 2:20 PM
David Trantham
Denton County District Clerk
By: Victoria Decuir, Deputy

Cause No. 20-0520-362

| | | |
|---|---|---|
| KINGDOM GROUP INVESTMENTS, INC | § | IN THE DISTRICT COURT |
| | § | |
| Vs | § | DENTON COUNTY, TEXAS |
| | § | |
| MORTGAGE ELECTRONIC | § | |
| REGISTRATION SYSTEMS, INC. | § | ____ JUDICIAL DISTRICT |

PLAINTIFF'S ORIGINAL PETITION

To: THE HONORABLE JUDGE OF SAID COURT:

Comes now Plaintiff, KINGDOM GROUP INVESTMENTS, INC., and suing for causes of action alleges as follows:

I

RULE 47 STATEMENT

This suit does not seek monetary damages but concerns title to real estate.

II

DISCOVERY LEVEL

Discovery should be conducted under Level 2, Tex.R.Civ.Pro. Rule 190.

III

VENUE

Venue is proper in this county because this suit concerns title to real estate located herein.

IV

## PARTIES

Plaintiff is KINGDOM GROUP INVESTMENTS, INC., a Texas Corporation.

Defendant is MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. Defendant is a foreign corporation not qualified to do business in the State of Texas. Defendant has no office in this state and has no registered agent for service of process. Accordingly, service should be pursuant to the "long arm statute", C.P.R.C. Section 17.044. Citation and Petition should be served upon the Texas Secretary of State, who should then forward same to the home office of Defendant, as shown in public filings of this County:

P. O. Box 2026

Flint, MI, 48501

V

## CONDITIONS PRECEDENT

Plaintiff pleads, pursuant to Rule 54, Tex.R.Civ.Pro., that all conditions precedent to its right to recover have occurred.

VI

## FACTS

1. This suit concerns that certain house and lot located at 2752 Sunlight Drive, Little Elm, Texas, 75068, and more particularly described as Lot 32, Block 1, Sunset Pointe Phase 1, an Addition to the City of Little Elm, according to the Plat thereof recorded in Volume V, Page 351, Plat Records of Denton County.

2. Plaintiff acquired the property on or about July 2, 2019, recording its deed as instrument No. 2019-80514.

3. Plaintiff's predecessor in interest is Deandra M. Lee, who acquired the property on or about October 30, 2006, and recorded her deed as Instrument No. 2006-136750.

4. On that same date Deandra M. Lee granted a deed of trust to defendant, and recorded same as Instrument No. 2007-136751.

5. Plaintiff alleges, based upon information and belief, that the deed of trust has been discharged. This allegation is based upon the fact that:

    a. Defendant holds title to the deed of trust as "nominee" only for another party;

    b. There is no indication that the deed of trust has not been released;

    c. Further, there is no allegation that the deed of trust has been transferred to a legitimate lender or investor.

6. Pleading further and in the alternative, Plaintiff is informed and believes and based thereon alleges that the applicable statute of limitations prevents the powers of sale from being exercised. Plaintiff bases this upon the discovery that Deandra Lee was in arrears in her obligations to the governing home owners' association in 2012, which liened the property at that time. Therefore, Plaintiff is informed and believes and based thereon alleges that the note secured by the deed of trust was accelerated more than four years before the filing of suit.

7. Plaintiff further alleges that in the event that the deed of trust is not discharged, Plaintiff is the owner of the equity of redemption, and as such has the right to service and/or pay off the note prior to the exercise of the powers of sale by Defendant, or its successor.

VII

## CAUSES OF ACTION

### A

### QUIET TITLE

1. Plaintiff incorporates by this reference each allegation above.
2. The interest claimed by defendant appears to be valid and legitimate.
3. In fact, the interest is void because the powers under the deed of trust are unenforceable.
4. Plaintiff prays that the Court render a decree quieting title in the property in Plaintiff.

### B

### DECLARATORY RELIEF

1. Plaintiff refers to and incorporates by this reference each allegation above.
2. A controversy exists between the parties as to their respective rights under the deed of trust.
3. Plaintiff prays that the Court grant a declaratory judgment that Plaintiff is entitled to the opportunity to service and/or discharge the underlying note before Defendant, or its successor, attempts to exercise the powers of sale.

### VIII

### REQUEST FOR DISCLOSURE

Plaintiff prays that Defendant disclose to it that information specified in Rules 190 and 194, Tex.R.Civ.Pro., within fifty (50) days of service hereof.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to answer and appear herein, and that upon final trial Plaintiff be awarded the relief prayed for above, for costs of Court, and for such other and further relief as the Court deems just.

Respectfully submitted,

/s/ Kenneth S. Harter
Kenneth S. Harter
State Bar ID 09155300

LAW OFFICES OF KENNETH S. HARTER
5080 Spectrum Drive, Suite 1000-E
Addison, Tx. 75001
(972) 752-1928
Fax (214) 206-1491
ken@kenharter.com

Attorneys for Kingdom Group Investments