IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KINGDOM GROUP INVESTMENTS, INC., | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil No. 4:20-cv-00121-ALM-CAN |
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, | § § § § | |
| *Defendant.* | § § | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant JPMorgan Chase Bank, National Association ("JPMC" or "Defendant"), files this its Answer to Plaintiff Kingdom Group Investments, Inc.'s ("Plaintiff") Amended Petition ("Complaint") [Doc. 13].

**I.  ANSWER TO CLAIMS**

1. With respect to the paragraph under the heading "I. Jurisdiction" of the Complaint, Defendant JPMC admits the claims to jurisdiction.

2. With respect to the paragraph under the heading "II. Venue" of the Complaint, Defendant JPMC states that venue is proper in the U.S. District Court for the Eastern District of Texas, Sherman Division.

3. With respect to the paragraphs under the heading "III. Parties" of the Complaint, Defendant JPMC admits the party information for Plaintiff and Defendant but denies the allegations regarding conditions precedent.

4. Defendant JPMC admits that the real property at issue in this suit is correctly stated in Section IV., Paragraph 1 of the Complaint.

5. Defendant JPMC admits that Plaintiff purchased the Property at issue in this suit and that the purchase was secured by a Deed recorded as Instrument No. 2019-80514 as alleged in Section IV., Paragraph 2 of the Complaint.

6. Defendant JPMC admits that the predecessor-in-interest is Deandra M. Lee ("Lee"), obtained the Property at issue in this suit on or about October 30, 2006 as alleged in Section IV., Paragraph 3 of the Complaint. Defendant JPMC further admits that the purchase was secured by a Deed recorded as Instrument No. 2006-136750 as alleged in Section IV., Paragraph 3 of the Complaint.

7. Defendant JPMC admits that Lee executed a Deed of Trust in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), recorded as Instrument No. 2007-136751 as alleged in Paragraph 4 of the Complaint. Defendant JPMC further states that MERS assigned its interest in the Deed of Trust to Defendant JPMC, and Defendant JPMC is the beneficiary of the Deed of Trust.

8. Defendant JPMC admits that Lee executed a Deed of Trust in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), recorded as Instrument No. 2006-136752 as alleged in Paragraph 5 of the Complaint. Defendant JPMC further states that MERS assigned its interest in the Deed of Trust to Defendant JPMC, and Defendant JPMC is the beneficiary of the Deed of Trust.

9. Defendant JPMC states it is the beneficiary of the Deeds of Trust referenced in Paragraphs 4 and 5 via assignments as stated in Section IV., Paragraph 6 of the Complaint.

10. Defendant JPMC admits the allegations contained in Section IV., Paragraph 7 of the Complaint.

11. Defendant JPMC admits the allegations contained in Section IV., Paragraph 8 of the Complaint.

12. Defendant JPMC denies the allegations contained in Section IV., Paragraph 9 of the Complaint.

13. Defendant JPMC denies the allegations contained in Section IV., Paragraph 10 of the Complaint.

14. Defendant JPMC states that no response is necessary to Plaintiff's incorporation of prior allegations as stated in Paragraph 1 (under V. Causes of Action, A. Quiet Title). To the extent a response is deemed necessary, Defendant JPMC denies the allegations as stated in Paragraph 1 (under V. Causes of Action, A. Quiet Title).

15. Defendant JPMC states that its interest in the Property is valid and legitimate as alleged in Section V., Paragraph 2.

16. Defendant JPMC denies the allegations as stated in Section V., Paragraph 3.

17. Defendant JPMC denies that Plaintiff is entitled to the relief requested in Section V., Paragraph 4.

18. Defendant JPMC denies that Plaintiff is entitled to the relief requested in the prayer (final paragraph) portion of the Complaint.

## II. AFFIRMATIVE DEFENSES

19. Defendant JPMC asserts that all conditions precedent to Plaintiff's rights to recover, if any, have not been satisfied, have not occurred or have not been waived.

## CONCLUSION

Defendant JPMorgan Chase Bank, National Association files this Answer to Plaintiff's Amended Petition [Doc. 13]. Defendant JPMC prays that Plaintiff's Amended Complaint be dismissed and that Plaintiff take nothing by way of its claims. Defendant JPMC further prays that it be awarded such other relief, whether at law or in equity, to which it may be justly entitled.

Respectfully submitted,

By: /s/ *Shelley L. Hopkins*
Shelley L. Hopkins
State Bar No. 24036497
HOPKINS LAW, PLLC
3809 Juniper Trace, Suite 101
Austin, Texas 78738
(512) 600-4320
BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP - *Of Counsel*
ShelleyH@bdfgroup.com
shelley@hopkinslawtexas.com

Robert D. Forster, II
State Bar No. 24048470
Crystal G. Gibson
State Bar No. 24027322
BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP
4004 Belt Line Road, Ste. 100
Addison, Texas 75001
(972) 386-5040
(972) 341-0734 (Facsimile)
RobertFO@bdfgroup.com
CrystalR@bdfgroup.com

**ATTORNEYS FOR DEFENDANT
JPMORGAN CHASE BANK, N.A.**

## **CERTIFICATE OF SERVICE**

   I hereby certify that on the 13th day of April 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and will send a true and correct copy to the following:

***VIA ECF*:**
Kenneth S. Harter
Law Office of Kenneth S. Harter
5080 Spectrum Drive, Suite 1000-E
Addison, Texas 75001
ken@kenharter.com
**ATTORNEY FOR PLAINTIFF**

                */s/ Shelley L. Hopkins*
                Shelley L. Hopkins